REDMANN, Judge
(dissenting).
Plaintiff is entitled to dissolve the partnership, at least for cause, C.C. arts. 2866(5) and 2887.[1]
The question whether plaintiff has cause to dissolve is not a dispute “over any matter pertaining to the operation of the partnership” which the agreement would require be “settled” (sic) by arbitration. Plaintiff does not seek to operate the partnership one way and defendant partner another way.
The judgment sustaining the exception of prematurity should be reversed.

. It is quite doubtful cause is necessary, since the agreement states no term, merely reciting the legal truism “The partnership shall terminate upon the death of either partner.” Death terminates a partnership anyway, unless the contrary is stipulated, art. 2880, and even where no time is stipulated “it is supposed to have been entered into for the whole time of the life of the partners”, art. 2854. The quoted stipulation of termination by death is thus not a “limitation of time”, and therefore under art. 2884 “one of the partners may dissolve the partnership by notifying to his partners that he does not intend to remain any longer in the partnership * * *."